THE LAW OFFICE OF GREGORY JAVARDIAN, LLC
By: Mary F. Kennedy, Esquire
Attorney I.D. # 77149
1310 Industrial Blvd.
1st Floor, Suite 101
Southampton, PA 18966
(215) 942-9690
Attorney for Citizens Bank, N.A. f/k/a RBS Citizens, N.A.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Judy Ann Vicenty<br>    Debtor(s) | Chapter 13 Proceeding<br><br>16-17769 JKF |

### STIPULATION BY AND BETWEEN JUDY ANN VICENTY AND CITIZENS BANK, N.A. F/K/A RBS CITIZENS, N.A.

WHEREAS, on June 20, 2017 Citizens Bank, N.A. f/k/a RBS Citizens, N.A.'s (hereinafter "Citizens Bank") filed a Motion for Relief from Stay;

WHEREAS, the parties resolved the Motion for Relief from Stay and a Stipulation was approved by the Court on July 25, 2017;

WHEREAS, the Stipulation required the Debtor(s) to remain current on the post-petition mortgage payments;

WHEREAS, the Stipulation allowed Citizens Bank to send a Notice of Default if any payments were missed and provided for the filing of a Certificate of Default if a default was not cured;

WHEREAS, on January 10, 2018 Citizens Bank mailed Debtor(s) and Debtor(s)' Attorney a Notice of Default;

WHEREAS, on January 25, 2018 Citizens Bank filed a Certificate of Default;

WHEREAS, an Order was entered on February 2, 2018 granting Citizens Bank relief from the stay;

{00486447}            1

WHEREAS, since the entry of the relief order Debtor has provided Counsel for Movant funds sufficient to cure the default shown in the Certicate of Default and to pay the February 2, 2018 payment; and

WHEREAS, the parties hereto, and their respective counsel, wish to vacate the relief order.

NOW, THEREFORE, intending to be legally bound, the parties hereto, herewith stipulate as follows:

1. **The February 2, 2018, Order granting Citizens Bank, N.A. f/k/a RBS Citizens, N.A. relief from the stay is vacated.**

2. On February 7, 2018 Counsel for Citizens Bank received a check in the amount of $1,436.45 check no. 0000328392. This payment shall bring the Debtor(s) current, post-petition, through the January 2, 2018 post-petition payment. This check also included funds to pay Citizens Bank's Notice of Default/Certificate of Default attorney fees and costs of $200.00.

3. On February 8, 2018 Counsel for Citizens Bank received a check in the amount of $412.15 check no. 34469. This payment will cover the February 2, 2018 post-petition mortgage payment.

4. Commencing with the March 2, 2018 payment the Debtor(s) shall resume and shall continue to make all regular monthly post-petition mortgage payments when they are due in accordance with said Note and Mortgage.

5. All payments from Debtor(s) to Citizens Bank, its successors and/or assigns shall be in the form of certified funds or Trustee checks if conduit payments.

6. The Debtor(s) shall timely tender all payments and comply with all conditions in accordance with this Stipulation. If such payments or conditions are not

{00486447}                                                2

timely made. Movant may provide the Debtor(s) and their counsel with ten (10) days written notice of default. If the default is not cured within the ten (10) day period, Movant may certify the default to this Court and an Order shall be entered granting Citizens Bank, N.A. f/k/a RBS Citizens, N.A. its successors and/or assigns relief from the automatic stay without further notice and hearing.

7. If check no. 0000328392 or check no. 34469 is returned for insufficient funds, Citizens Bank, N.A. f/k/a RBS Citizens, N.A. may certify the default to this Court and an Order shall be entered granting Citizens Bank, N.A. f/k/a RBS Citizens, N.A. its successors and/or assigns relief from the automatic stay without further notice and hearing.

8. The parties agree to limit the number of required Notices of Default to three (3) in a year. Should the Debtor(s) default a fourth (4th) time in any one-year period, Movant shall not be required to send a fourth (4th) Notice of Default but may immediately certify default to the Court.

9. Should Citizens Bank, N.A. f/k/a RBS Citizens, N.A. its successors and/or assigns be granted relief from the stay after filing a Certification of Default in accordance with paragraph six (6) or seven (7) above, the parties agree that the said relief order shall include the following language: "bankruptcy Rule 4001(a)(3) is not applicable and Movant is allowed to immediately proceed with foreclosure and all other relief available under the Non-Bankruptcy law."

{00486447}                               3

10. The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:

_____    Date: 2/14/18
Jonathan Krinick, Esquire
Attorney for Debtor, Judy Ann Vicenty

_____    Date: 2/14/2018
Mary F. Kennedy, Esquire
Attorney for Citizens Bank, N.A. f/k/a RBS Citizens, N.A.

_____    Date: 2/16/18
Frederick L. Reigle, Esquire
Trustee

On this 24th day of February, 2018, approved by the Court.

_____
United States Bankruptcy Judge
Jean K. FitzSimon

cc:   Mary F. Kennedy, Esquire
      1310 Industrial Blvd.
      1st Floor, Suite 101
      Southampton, PA 18966

      Jonathan Krinick, Esquire
      Willig, Williams & Davidson
      1845 Walnut Street
      24th Floor
      Philadelphia, PA 19103

      Frederick L. Reigle, Esquire
      Chapter 13 Trustee
      2901 St. Lawrence Avenue
      P.O. Box 4010
      Reading, PA 19606